UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.M., a minor by and through MARTIN M., as Guardian Ad Litem; MARTIN M. and ADELA M., individually,<br><br>             Plaintiffs,<br>     v.<br><br>CITY OF KING CITY, et al.,<br><br>             Defendants. | Case No.: 12-CV-01951-LHK<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiffs J.M., a minor, by and through his guardian ad litem Martin M.; Martin M. ("Martin"); and Adela M. ("Adela") (collectively, "Plaintiffs"), bring this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, asserting excessive force and various common law claims against Defendants City of King City (the "City"), the King City Police Department ("Police Department"), Officer Jorge Luna, Officer Yanez (first name unknown), Chief Nick Baldviez, Captain Bruce Miller, Sergeant Jerry Baker, Sergeant Mark Baker, Sergeant Tirado (first name unknown), and Does 7 through 50 (collectively, "Defendants"). *See* ECF No. 11 (Second Amended Complaint, or "SAC").[1] With the exception of Plaintiffs' § 1983 claim, Defendants

---

[1] The parties stipulated to allow Plaintiffs to file the Second Amended Complaint. *See* ECF No. 8. On the docket, Plaintiffs' SAC is labeled simply "Amended Complaint," and in the document itself, the pleading is titled "Third Amended Complaint." *See* ECF No. 11. The Court deems the operative pleading the Second Amended Complaint ("SAC"), and refers to it as such. On September 10, 2012, Plaintiffs filed an "Amendment to Amended Complaint," ECF No. 26,

1
Case No.: 12-CV-01951-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all causes of action for failure to state a claim upon which relief can be granted. *See* ECF No. 13 ("Mot."). Specifically, Defendants move to dismiss Plaintiffs' claims for: (1) violation of constitutional rights pursuant to 42 U.S.C. § 1985; (2) violation of constitutional rights pursuant to 42 U.S.C. § 1986; (3) battery and conspiracy to commit battery; (4) negligence; (5) intentional infliction of emotional distress; (6) malicious prosecution/abuse of process; and (6) interference with parental rights. In addition, Defendants move to dismiss Plaintiffs' prayer for punitive damages as pleaded against the City on the ground that such claims for punitive damages against public entities are barred by law. Plaintiffs filed an opposition on June 8, 2012, *see* ECF No. 17, to which Defendants replied on June 14, 2012, *see* ECF No. 16.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument and hereby VACATES the hearing set for September 13, 2012. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendants' motion to dismiss Plaintiffs' § 1985, § 1986, and state law claims with leave to amend; and GRANTS Defendants' motion to dismiss Plaintiffs' prayer for punitive damages against the City of King City with prejudice. The September 13, 2012 case management conference remains as set.

## I.  BACKGROUND

### A. Factual Allegations

For purposes of ruling on this motion, the following factual allegations as pled in Plaintiffs' Second Amended Complaint ("SAC") are taken as true.

On January 21, 2011, Officer Luna arrested J.M., a fifteen year old minor at the time, for public intoxication. SAC at 4. J.M. was taken into custody and brought to the King City Police

---

apparently in response to the Court's September 6, 2012 Order sealing the SAC to protect J.M.'s privacy and ordering Plaintiffs to re-file a redacted version of the SAC. *See* ECF No. 24. However, rather than re-file a redacted version of the SAC, as ordered to do, Plaintiffs instead filed what appears to be simply a copy of the First Amended Complaint that was filed in state court before removal and that was superseded by Plaintiffs' filing of their SAC. Accordingly, the document filed at ECF No. 26 is STRICKEN, and ECF No. 11 remains the operative complaint. By September 12, 2012, Plaintiffs shall re-file the pleading filed at ECF No. 11 in redacted form, and the redacted version shall be the SAC on record to which this Order applies.

1    Department, where his requests to call his parents and be taken to Juvenile Hall were ignored. His

2    blood alcohol content was later determined to be .17. *Id.*

3          While in custody, J.M. behaved inappropriately, in a loud and obnoxious manner. At one

4    point while J.M. was seated on a bench, Officer Luna approached him and for no apparent reason

5    threw him face first on the floor and handcuffed him. *Id.* Later, when J.M. was no longer in

6    handcuffs, Officer Luna attempted to photograph J.M.'s tattoos, and then performed a sweep kick,

7    knocking J.M. to the floor and causing J.M.'s ankle to break. *Id.* at 4-5. Officer Luna stood over

8    J.M. and said, "Don't tense up on me kid or I will mess you up." *Id.* at 4. During these events,

9    Officer Yanez was doing paperwork. *Id.* at 5. Sergeant Hunter also entered the room and said,

10   "Make sure you charge him with Penal Code 148 – Obstructing an Officer in the Performance of

11   his Duty." *Id.* Later, when Officer Luna encountered Sergeants Baker and Tirado, Officer Luna

12   demonstrated the leg sweep he applied to J.M., and the officers exchanged high fives. *Id.* All of

13   these events were captured on a DVD, which was later provided to J.M.'s parents, Martin and

14   Adela, at their request. *Id.* at 3-4.

15         J.M.'s parents picked up their son at the Police Department at 2:00 a.m. on July 22, 2011.

16   *Id.* at 3. At the time, they were told that J.M. had been acting in a physically aggressive manner

17   and was accidentally injured when he had to be subdued while resisting lawful police procedures.

18   *Id.* J.M. insisted that he had not been acting in a threatening or aggressive manner, which was later

19   confirmed by the events depicted on the DVD. *Id.* at 3-4.

20         J.M. was not provided any medical care for his broken ankle. At one point, Officer Luna

21   said, "We can call you an ambulance, but your parents will have to pay for it." *Id.* at 5. Although

22   J.M.'s broken ankle has since healed, J.M. still has an altered gait, cannot run, and continues to

23   have pain. His parents, Martin and Adela, have incurred $3,400 in medical expenses, which are

24   ongoing. Because they lack sufficient funds to pay for J.M.'s medical expenses, their delinquency

25   is being reported monthly to the credit bureaus. *Id.*

26         **B. Procedural History**

27         Plaintiff J.M., through his guardian ad litem Martin M., filed this action on February 29,

28   2012, in the Monterey County Superior Court, against the City of King City and Officer Luna. *See*

ECF No. 1 (Notice of Removal), ¶ 1.  Plaintiff filed a First Amended Complaint on March 5, 2012, adding the King City Police Department as a defendant.  *See id.* ¶ 1 & Ex. A.  On April 19, 2012, the City, Police Department, and Officer Luna removed the action to federal court.  *Id.*  Prior to Defendants' deadline to respond, the parties jointly stipulated to a request for leave from the Court for Plaintiff to amend the complaint, which was granted on April 26, 2012.  Plaintiffs filed the Second Amended Complaint (Plaintiffs' first in federal court) on May 9, 2012, adding Martin M. and Adela M. as plaintiffs, and adding the above-named individuals as defendants.  *See* ECF No. 11.  This motion followed.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  In considering whether the complaint is sufficient to state a claim, the court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  However, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 (internal quotation marks and citations omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

If a court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . to facilitate

4

decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Leave to amend is thus ordinarily granted unless the amendment would be futile, cause undue delay, or unduly prejudice the opposing party, or is sought in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III.    DISCUSSION

#### A. § 1985 Claim

Although the SAC does not specifically identify a subsection of § 1985, Plaintiffs appear to be attempting to state a claim pursuant to 42 U.S.C. § 1985(3), which provides a civil remedy for conspiracies to deprive a person or class of persons of equal protection of the laws or of equal privileges and immunities. *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983); *accord Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Furthermore, to satisfy the second element of a § 1985(3) claim, a plaintiff must allege not only deprivation of a legally protected right, but moreover that such deprivation was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever*, 978 F.2d at 1536 (quoting *Griffin*, 403 U.S. at 102); *accord RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).

Defendants argue that Plaintiffs have failed to adequately allege any of the four required elements of a § 1985(3) claim. Mot. at 6. The Court determines that Plaintiffs have adequately pled the first, third, and fourth elements of a § 1985(3) claim. Though not fulsome, Plaintiffs' factual allegations are sufficient to plausibly allege that Defendants conspired together to deprive J.M. of his constitutionally protected rights and took actions in furtherance thereof, and that J.M.

5

suffered personal injury as a result. While "[a] mere allegation of conspiracy without factual specificity is insufficient," *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), here, Plaintiffs have alleged the identities of specific co-conspirators, and have alleged conduct from which one can infer a meeting of the minds. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999) ("A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions."). For example, Plaintiffs allege that Officer Luna applied excessive force to J.M. while J.M. was in custody; Officer Yanez was present and did not stop or report the abuse; Sergeant Baker was present and conspired with Officer Luna by initiating a Penal Code § 148 charge as pretextual justification for the use of force; Sergeants Baker and Tirado were present when the alleged abuse occurred and congratulated Officer Luna for having injured J.M.; and the King City Police Department has a pattern or practice of allowing such abusive police practices, "tak[ing] pride in its reputation as a tough, no nonsense organization." SAC at 2, 5. Viewed in the light most favorable to Plaintiffs, these facts as alleged support a conspiracy claim. However, Plaintiffs concede they have made no allegation that Defendants' actions were motivated by racial or otherwise class-based discriminatory animus. Plaintiffs therefore have not adequately pled the second element of a § 1985(3) claim, and for this reason alone Plaintiffs' § 1985(3) claim fails.

The Court next considers whether to dismiss Plaintiffs' § 1985 claim with or without leave to amend. Plaintiffs assert that, if granted leave to amend, they would add an allegation that Defendants' actions were motivated, in part, by J.M.'s Hispanic origin. *See* Opp'n at 4. Thus, as it is not clear that amendment would necessarily be futile, cause undue delay, or prejudice Defendants, the Court grants Plaintiffs leave to amend. *See Leadsinger*, 512 F.3d at 532. Moreover, although the operative pleading is already Plaintiffs' Second Amended Complaint, the first two pleadings were filed in state court and were never subject to a motion to dismiss. Accordingly, Plaintiffs' § 1985 claim is DISMISSED WITHOUT PREJUDICE.

### B.  § 1986 Claim

42 U.S.C. § 1986 creates liability for neglecting to prevent a § 1985 offense from being committed when it is within the person's power to do so. *See* 42 U.S.C. § 1986; *RK Ventures*, 307

6

Case No.: 12-CV-01951-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

F.3d at 1054 n.5.  Thus, to state a claim under § 1986, a plaintiff must first allege conduct falling within the scope of § 1985.  *Karim-Panahi*, 839 F.2d at 626 (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)).  As discussed above, Plaintiffs here have failed to state a predicate claim under § 1985.  Accordingly, Plaintiffs' § 1986 pleading is necessarily also deficient, and must be dismissed for this reason.

Defendants argue that Plaintiffs' § 1986 claim should also be dismissed – and dismissed with prejudice – because it is barred by the one-year statute of limitation.  *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); *see Solis v. Cnty. of L.A.*, 514 F.3d 946, 953 n.8 (9th Cir. 2008).  Defendants argue that J.M.'s cause of action accrued on January 21, 2011, and because J.M. did not file this suit until February 29, 2012, more than one year later, his claim is time-barred.  Plaintiffs, however, argue that their federal cause of action did not accrue until the video of the January 21, 2011 incident was produced in late October, 2011, and thus their filing of the original complaint on February 29, 2012, was timely.  Opp'n at 4.

Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of an injury which is the basis of the action."  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998).  Although J.M.'s injury was allegedly inflicted on January 21, 2011, Plaintiffs Martin and Adela have plausibly alleged that they did not have full knowledge of the basis of their claims until viewing a copy of the Police Department's DVD in October 2011.  There is therefore a factual dispute as to when Plaintiffs' cause of action accrued.  Moreover, Plaintiffs have plausibly alleged that their ignorance of the full circumstances surrounding J.M.'s injury was due not to Plaintiffs' own lack of diligence, but rather due to Defendants' misrepresentation of the facts.  Accordingly, even if Plaintiffs' cause of action accrued on January 21, 2012, the equitable tolling doctrine may apply to Plaintiffs' § 1986 claim.  *See Johnson v. State of Cal.*, 207 F.3d 650, 654 n.3 (9th Cir. 2000) (citing *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 n.3 (9th Cir. 1999)).  The Ninth Circuit has observed that "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue," because "[g]enerally, the applicability of equitable tolling depends on matters outside the pleadings."  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992,

1003-04 (9th Cir. 2006) (citations omitted).  "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).  The Court cannot say Plaintiffs will be unable to prove a set of facts establishing the timeliness of their claim.  Accordingly, the Court does not dismiss Plaintiffs' § 1986 claim as barred by the one-year statute of limitation.

For the same reasons discussed with respect to Plaintiffs' § 1985 claim, Plaintiffs' § 1986 claim is DISMISSED WITHOUT PREJUDICE.

### C. State Law Claims

Defendants move to dismiss all five of Plaintiffs' state law tort claims for failure to meet the presentment requirements of the California Tort Claims Act.  *See* Cal. Gov't Code §§ 911.2, 911.6.  Under the California Tort Claims Act, no suit for money or damages may be brought against a public entity until a written claim has been presented to the public entity and the claim has been either acted upon or rejected.  *See* Cal. Gov't Code §§ 905, 945; *see Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 215-16 (2007).  Such claims must be presented to the public entity no later than six months after the cause of action accrues.  Cal. Gov't Code § 911.2; *Shirk*, 42 Cal. 4th at 216.  A claim is deemed denied if no action is taken on the claim by the deciding board within 45 days of its presentation.  Cal. Gov't Code § 911.6(c).  To state a tort claim for damages, Plaintiffs have the burden of alleging compliance with the exhaustion requirements of the government tort claims process.  *See Karim-Panahi*, 839 F.2d at 627.

Plaintiffs allege in the SAC that J.M. filed a claim with the City of King City on July 20, 2011, in which he alleged that he was abused by Officer Luna on January 21, 2011, in violation of his constitutional right against excessive force.  *See* SAC at 3.  Nevertheless, Defendants argue that J.M. has not adequately pled exhaustion under the Tort Claims Act because the SAC "is silent as to whether J.M.'s claim was rejected and is vague as to what was alleged, and the claim is not attached to fill in the blanks."  Mot. at 7.  Plaintiffs attempt to fill in these blanks by stating in their opposition that no action was ever taken on J.M.'s claim, and by attaching a copy of the claim filed

8

by J.M. on July 20, 2011, to the Declaration of Edward L. Niland in Support of Opposition to Defendants' Motion to Dismiss. *See* Opp'n at 2-3; ECF No. 19. While responsive to Defendants' attack, these allegations are not found within the four corners of Plaintiffs' SAC itself or in any attachments thereto, nor are they judicially noticeable facts. *See* Fed. R. Evid. 201(b). The Court therefore may not consider these additional allegations for purposes of ruling on the pending motion to dismiss, and the motion to dismiss must be GRANTED. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Plaintiffs may, however, add these allegations and may append J.M.'s claim form itself to any amended complaint.

As for Martin and Adela, Defendants argue that their tort claims are barred under the Tort Claims Act because they presented their claims to the City either too early or too late. Mot. at 7. Defendants argue that Martin and Adela's claims were untimely because J.M. was allegedly injured on January 21, 2011, yet Martin and Adela did not present claims to the government until more than one year later, long after the six-month statute of limitation under California Government Code § 911.2. Plaintiffs argue in their SAC that the City of King City and the King City Police Department should be equitably estopped from asserting untimely presentment of government tort claims because Defendants' misrepresentations about the circumstances of J.M.'s alleged injury and failure to disclose the existence of the police surveillance video precluded Martin and Adela from discovering all relevant facts giving rise to their claims. SAC at 3-4. The SAC alleges that, shortly after learning of the existence of the Police Department DVD, demanding that a copy of the DVD be produced, and having a police procedures expert analyze the video, Martin and Adela presented claims detailing that they would be asserting allegations of negligence and intentional tort, and setting forth the nature and extent of their claimed damages. SAC at 4. As discussed above in regard to equitable tolling, the Court agrees with Plaintiffs that equitable tolling may apply, and therefore dismissal is not appropriate on grounds of untimeliness. *Cf.* Cal. Gov't Code § 911.6 (providing that the board shall grant the application where "[t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced in its defense of the claim by the failure to present the claim within the time specified in Section 911.2").

However, Defendants argue, in the alternative, that Martin and Adela's claims are premature. Martin and Adela do not specify in their SAC when they presented their government claims, but they assert that if no action is taken on these claims by June 7, 2012, they will be deemed rejected by operation of law. SAC at 4. Defendants argue that, because the SAC admits that Martin and Adela's claims have not yet been rejected, those claims in federal court are premature. The Court agrees. In their opposition to the motion to dismiss, filed June 8, 2012, Plaintiffs clarify that they presented their tort claims on April 23, 2012, which is consistent with their earlier representation that such claims would be deemed denied if not acted upon by June 7, 2012. *See* Opp'n at 3 n.1. Plaintiffs also allege in their opposition that as of June 8, 2012, no action has been taken on their claims. *Id.* However, Plaintiffs again rely on allegations found only in their opposition brief and not in their SAC. Accordingly, the Court cannot rely on those additional allegations, and Defendants' motion to dismiss must be GRANTED. Because amendment would not be futile, Plaintiffs are granted leave to amend.

### D. Punitive Damages Claim

Finally, Defendants move to dismiss Plaintiffs' prayer for punitive damages against the City as a matter of law. A municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). In addition, punitive damages against a public entity are statutorily barred under California Government Code § 818, which provides that, "[n]otwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." Plaintiffs concede this point. Accordingly, Plaintiffs' prayer for punitive damages as to the City of King City is DISMISSED WITH PREJUDICE.

### IV. CONCLUSION

For the reasons discussed herein, Defendants' motion to dismiss Plaintiffs' § 1985, § 1986, and state law claims is GRANTED with leave to amend. Defendants' motion to dismiss Plaintiffs' prayer for punitive damages against the City of King City is GRANTED with prejudice. Any amended complaint must be filed and served within twenty-one days of the date of this Order.

Plaintiff may not add new causes of action or parties absent leave of the Court or the parties' stipulation. *See* Fed. R. Civ. P. 15. Failure to cure the deficiencies identified herein will result in dismissal of those causes of action with prejudice.

**IT IS SO ORDERED.**

Dated: September 11, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 12-CV-01951-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND