1   EDWARD L. NILAND, ESQ. - State Bar #66990
    **NILAND & NILAND**
2   233 Oak Meadow Drive
    Los Gatos, California 95032
3   Telephone:(408) 395-3100
    Fax No.: (408) 395-3120
4

5   Attorneys for Plaintiffs

6

7

8                   UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11
    J.M., a minor by and through MARTIN        Case No. C12-01951-LHK
12  M., as Guardian Ad Litem; MARTIN
    M. and ADELA M.,  Individually,            THIRD AMENDED COMPLAINT
13
                    Plaintiffs,
14
           v.
15
    OFFICER JORGE LUNA, OFFICER
16  JESUS YANEZ (Doe 1), SERGEANT
    JERRY HUNTER (Doe II), CHIEF OF
17  POLICE NICK BALDIVIEZ (Doe III),
    CAPTAIN BRUCE MILLER (Doe IV),
18  SERGEANT MARK BAKER (Doe V),
    SERGEANT ALEJANDRINA TIRADO
19  (Doe VI), CITY OF KING CITY,
    KING CITY POLICE DEPARTMENT,
20  and DOES VII-L,

21                  Defendants.
    _____/
22

23                          **PARTIES:**

24      (1) The Plaintiffs:

25          (a)    J.M., Year of Birth 1985 — 15 year old victim of police abuse.

26          (b)    Martin M. — natural father of J.M., appointed by the Court to serve

27  as J.M.'s Guardian ad Litem in this litigation and as an individual plaintiff.

28                             -1-

    _____

(c)     Adela M. — mother of J.M.as an individual plaintiff.

(2)     The Defendants:

(a)     City of King City, a public entity;

(b)     King City Police Department — a Department of the City of King City.

(c)     Officer Jorge Luna, the arresting officer who is alleged to have exercised excessive force and to have intentionally or negligently injured Juan while acting in his official capacity, under color of law.   It is alleged Officer Luna was complying with King City Police Department Custom and Practice. Plaintiffs allege, in the alternative, that Officer Luna was also acting for his own tortious purposes.

(d)     Officer Yanez who was present and witnessed the excesses of Officer Luna toward J.M. and did not stop or report the abuse and is alleged to have conspired in the excessive force used against J.M..

(e)     Chief Nick Baldiviez who was instrumental in hiring and training the Police Officers named herein.   and instrumental in formulating the policies, customs and practices of the King City Police Department resulting in the tolerance and encouragement of excessive use of force.  Officer Luna was also not properly trained in methods for dealing with minors.

(f)     Captain Bruce Miller who investigated the subject incident and failed to discipline Officer Luna and ratified his actions.

(g)     Sergeant Jerry Baker was present and is alleged to have conspired with Officer Luna and others to exercise excessive force against J.M. and to have fraudulently initiated charges against J.M., alleging violation of Penal Code 148—Interfering with an Officer in the Performance of his Duty.

(h)     Sergeants Mark Baker and Alejandrina Tirado were present when the force was applied and are alleged to have had knowledge that it was going to occur. These officers are seen on DVD, taken at the scene, congratulating Officer Luna for

-2-

1 having applied the force to J.M.  These officers did not report or stop Officer Luna's
2 excessive behavior.

3            (1)    Does VII-L are legally liable to Plaintiffs in particulars not
4 presently known.

5 **JURISDICTION:**

6     Plaintiffs have alleged violation of 42 U.S.C. 1983; 1985; 1986 and filed in the
7 Superior Court of California, County of Santa Clara.  Defendants have removed this
8 matter to United States District Court, For The Northern District of California, San Jose,
9 Division which has Original Jurisdiction over this claim.

10     Plaintiffs request that this Court exercise its discretion to assume Supplemental
11 Jurisdiction of the Common Law, State Causes of Action alleged, and arising out of the
12 same set of facts.

13 **GOVERNMENTAL CLAIMS:**

14     Plaintiff J.M. filed a claim with the City of King City on July 20, 2011 alleging
15 that he was abused by Officer Luna on January 21, 2011 in violation of his
16 Constitutional Right to be protected from governmental excesses, and describes the
17 battery committed.  Officer Yanez is identified as a witness to this abuse.  This claim
18 was not acted on and therefore deemed rejected on September 3, 2011.  No Notice of the
19 6-month requirement to file suit was given , Government Code 913.

20     When Martin M. and Adela M. picked up their son at the King City Police
21 Department at 2:00 a.m. on July 22, 2011, they were specifically advised that J.M. had
22 been acting in a physically aggressive manner and was accidently injured when he had
23 to be subdued while resisting lawful police procedures.  Martin M. and Adela M. were
24 not advised that a DVD existed depicting the entire incident.

25     J.M. was adamant that he had been subjected to excessive and unnecessary force
26 and was not acting in a threatening manner. Martin M. believed his minor son was being
27 truthful and agreed to assist him in overcoming his disability as a minor and to act as his

28

-3-

Guardian ad Litem in bringing this suit. However, Martin M. was also apprised that J.M. was under the influence of alcohol when these events occurred and so Martin M. was uncertain as to what exactly had transpired.

The City of King City and the King City Police Department are Equitably Estopped from maintaining that Martin M. and Adela M. are required to present claims about this incident within 6-months of its occurrence. In view of the misrepresentations made to Martin M. and Adela M. by the King City Police Department. The governmental entities also have complete access to the facts and circumstances vis a vis the DVD, which shows that J.M. was not acting aggressively when Officer Luna threw him to the floor or when Officer Luna kicked his leg out from under him.

After learning of the existence of the DVD, a demand was made in August 2011 that a valid copy be produced. After it was finally produced in late October 2011 and after having it analyzed by a police procedures expert, Martin M. and Adela M. presented Claims detailing that they would be asserting allegations of Negligence and/or Conspiracy to Commit Battery and they set forth the nature and extent of their claimed damages. These claims have not been acted upon and were deemed rejected by operation of law on June 7, 2012. No Notice of the 6-month requirement to file suit was given, Government Code §913.

Sergeants Jerry Hunter, Mark Baker and Alejandrina Tirado are now identified and it is alleged that to the extent that they conspired with Officer Luna to subject J.M. to excessive force, they are personally liable for violation of U.S.C. 1983, 1985 and 1986 as well as State Claims for Battery and Intentional Infliction of Emotional Distress.

Claims against these King City Employees characterized as Supplemental were made on September 24, 2012. Defendant King City may view these claims as Late Claims to the Cause of Action that accrued in late October 2011.

### THE ARREST:

According to his official report, Officer Luna observed J.M. as a pedestrian,

-4-

1  appearing to be unsteady on his feet on a public street in King City on the evening of
2  January 21, 2011.  After detaining him, Officer Luna took J.M. into custody.  The only
3  charge was public intoxication.

4      J.M. was taken to the King City Police Department.  He was not provided an
5  opportunity to call his parents nor did the King City police officers attempt to do so.
6  J.M.'s demands that he be taken to Juvenile Hall were ignored.

7      J.M.'s behavior (as later observed on DVD) was loud and obnoxious, as a 15 year
8  old under the influence of alcohol might be expected to act.  A later blood alcohol
9  analysis recorded BAC of .17.  No medical treatment for this condition was provided.

10      Officer Luna approached J.M. seated on a bench and for no apparent reason threw
11  him face first on the floor and handcuffed him.

12      Later, Officer Luna is seen attempting to photograph J.M.'s tattoos by himself.
13  J.M. is uncuffed, standing and appearing unsteady.  For no apparent reason, Officer Luna
14  kicks J.M.'s leg from under him and knocks him to the floor.  Officer Luna stands over
15  J.M. and says "Don't tense up on me kid or I will mess you up."

16      During these encounters, Officer Yanez is seen doing paper work.

17      J.M. suffered a broken ankle in this incident.  He was not provided medical care.
18  At one point, Officer Luna said, "We can call you an ambulance, but your parents will
19  have to pay for it."  J.M. declined.

20      Sergeant Hunter entered into the room and as if he knew in advance what had
21  happened, he said, "Make sure you charge him with Penal Code 148 — Obstructing an
22  Officer in the Performance of his Duty."

23      Later in the DVD, Officer Luna encountered Sergeants Baker and Tirado.  Officer
24  Luna demonstrates the "leg sweep," as he applied it to J.M.'s person, and they exchange
25  High Fives.

26                                  **INJURY:**

27      J.M.'s broken ankle has mended but he is left with an altered gate and still cannot

28

THIRD AMENDED COMPLAINT             Case No. C12-01951-LHK

1   run.  He continues to have pain.  At one point in mid-healing, he had to be recasted.

2       Martin M. and Adela M. have incurred $3,400 in medical expense.  This is

3   ongoing.  They do not have money to pay this and it is being reported monthly to the

4   Credit Bureaus.

## I.   FIRST CAUSE OF ACTION

### 42 U.S.C. 1983 - Deprivation of Rights

### 42 U.S.C. 1985 - Conspiracy to Interfere with Civil Rights

### 42 U.S.C. 1986 - Neglect to Prevent

9       Plaintiffs allege that the force applied by Officer Luna was intentional retaliation

10  for J.M.'s boisterous and vocal outbursts.

11      Plaintiff alleges that this behavior by Officer Luna amounted to Official

12  Departmental Policy.  It was sanctioned by Officer Luna's superiors and fellow officers.

13  Such police behavior has happened before and since and the King City Police

14  Department takes pride in its reputation as a tough, no nonsense organization.

15      Plaintiff alleges that Officer Luna and all co-conspirators and supervisors are

16  personally liable to all plaintiffs and that the City of King City and the King City Police

17  Department are liable to all plaintiffs for creating and allowing such aggressive and

18  abusive police practices to become Official Custom and Practice at the King City Police

19  Department and for ratifying the actions of Officer Luna and making those actions their

20  own.

21      The actions taken against J.M. by Officer Luna and his conspirators is alleged to

22  have been at least in part motivated by race and class.

23      Defendants assumed J.M. was affiliated with an organized group whose identify

24  is linked to Hispanic origin.

25      Physical retaliation taken against J.M. for verbal outbursts was intended to be a

26  communication to the afore-referenced community that when in custody at the King City

27  Police Department, United States Constitutional protections and prohibitions against

28

-6-

1  citizen abuse prescribed by California State Law do not protect members of this class of
2  persons from the custom and practices of the King City Police Department.

### SECOND CAUSE OF ACTION

### BATTERY AND CONSPIRACY TO COMMIT BATTERY

The allegations of the First Cause of Action are hereby incorporated by reference as if set forth in full.

The force applied by Officer Jorge Luna against J.M., a minor, constituted an intentional, unprivileged, unwarranted, physical touching that caused serious physical injury to J.M. and continuing emotional distress to all plaintiffs, and for which Officer Luna is personally liable and called to answer in damages - both compensatory and punitive.

To the extent other named and unnamed defendants (sued as Does VII-L) planned, conspired, authorized, sanctioned or approved such actions, it is alleged said defendants have engaged in a Conspiracy to Commit a Battery and they are called to personally answer to plaintiffs in damages.

### THIRD CAUSE OF ACTION

### NEGLIGENCE:

The allegations of the First and Second Causes of Action are hereby incorporated by reference as if set forth in full.

Plaintiffs, J.M., Martin M. and Adela M. allege that King City and King City Police Department and all other named defendants were negligent, careless and in breach of sound police procedures in the following particulars.

(1)     Jorge Luna was hired as a police officer and exposed to the public as possessed with law enforcement authority despite being previously discharged by the King City Police Department for misconduct; having been discharged by the City of Atascadero for non-disclosure of negative past behavior and having been placed on the Brady List as an unreliable witness.

-7-

THIRD AMENDED COMPLAINT                           Case No. C12-01951-LHK

(2)    Training provided to Officer Luna did not adequately instruct in the appropriate and proper use of force or appropriate handling of detainees under the age of majority.

(3)    J.M. was not provided appropriate medical care for his alleged intoxication or after being injured by Officer Luna.

(4)    J.M. was not taken to an appropriate Juvenile Facility as he requested.

(5)    J.M. was not allowed access to a telephone.

(6)    Martin M. and Adela M. were not timely contacted.

(7)    Martin M. and Adela M. were not fairly apprised of what had transpired while their minor son was in custody and, in fact, were affirmatively mislead.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

The allegations of the First, Second and Third Causes of Action are hereby incorporated by reference as if set forth in full.

J.M., Martin M. and Adela M. allege that the actions taken by Jorge Luna against J.M. were undertaken under color of State Law and official King City Police Department custom and usage, were  intentional, were intended to cause harm or with reckless disregard of the potential for harm and did cause permanent and serious harm and were the proximate cause of injuries and damages to all Plaintiffs.

### FIFTH CAUSE OF ACTION

### MALICIOUS PROSECUTION/ABUSE OF PROCESS:

The allegations of the First, Second, Third and Fourth Causes of Action are hereby incorporated by reference as if set forth in full.

Falsely charging Penal Code 148 was without just cause and fraudulent.  These charges were dismissed.

The manner in which J.M. was treated while in custody amounted to an abuse of legal process.

-8-

## SIXTH CAUSE OF ACTION

### INTERFERENCE WITH PARENTAL RIGHTS:

The allegations of the First, Second, Third, Fourth and Fifth Causes of Action are hereby incorporated by reference as if set forth in full.

Martin M. and Adela M. are charged as parents with the legal duty, right and privilege to keep their minor child J.M. free from unnecessary harm.

The actions of Defendants, as aforesaid, transgressed and violated this right and caused them general and special damage.

WHEREFORE, Plaintiffs pray for:

(1)     Compensatory Damages.

(2)     Punitive Damages for actions found to be intentional, abusive or with reckless disregard of Plaintiffs' rights against individual defendants.

(3)     Attorneys' fees.

(4)     Costs of Suit.

(5)     And such other and further relief as is deemed just by this Court.

Date: October 2, 2012.

EDWARD L. NILAND
Attorney for Plaintiffs

-9-

THIRD AMENDED COMPLAINT                                   Case No. C12-01951-LHK



JUL 2 0 2011

# KING CITY
CALIFORNIA

## CLAIM PRESENTED TO THE CITY OF KING
PLEASE READ THE INSTRUCTIONS ON THE BACK BEFORE COMPLETING

| 1. Claimant's Name (please print) | Claim No. |
|---|---|
| Juan Martin Matias | |
| Claimant's Address: 248 Orford Ave., King City, CA 93930 | |
| Day Phone: 831-386-9895   Evening Phone: | |

2. Type of claim (check all that apply) This claim arises from:

☒ personal injury; ☐ wrongful death; ☐ property damage; ☐ crop damage; ☐ breach of contract; ☐ tax refund; ☐ employment; ☐ other

3. When did the damage or injury occur? *(Date and time)*
on or about January 21, 2011 between 10:00 pm and midnight

| 4. Where did the damage occur? (Address or physical description) | King City Police Report No. |
|---|---|
| King City Police Station | 110122 |

5. What happened and why do you think the City is responsible? (Attach additional page(s) if necessary)
I was subjected to excessive force and an assault and battery while in police custody in violation of my constitutionally protected rights.

6. Were there any witnesses to this occurrence? - (Please provide names, addresses and phone numbers)
Officer Yanez - King City Police

7. If applicable, identify the name and position of the responsible City employee(s), if known:
Officer Jorge Luna - King City Police Officer

8. What damage or injury occurred?
Broken Ankle

9. Claim Amount
Is the amount claimed $10,000 or less? If so, specify amount here: $ _____
Is the amount claimed between $10,000 and $25,000? If so, check this box: ☐ Superior Court
                                                                        Limited jurisdiction
Is the amount claimed over $25,000? If so, check this box ☒ Superior Court
                                                           Unlimited jurisdiction

10. How did you calculate the amount claimed? (Please attach documentation)
Permanent injury, pain, suffering, humiliation

9. I declare under penalty of perjury under the laws of the State of California that the foregoing information is true and correct, and that this declaration was executed on

| Signature of Claimant | Date 7/18/11 | Place where executed King City | California |
|---|---|---|---|

If Claimant is a minor at the time this claim is made, a parent or legal guardian must also sign below:

MARTIN MATIAS FATHER          x Martin Matias
(Print name and relationship to Claimant)        Signature

OFFICIAL NOTICE AND CORRESPONDENCE
If you are represented by an insurer, attorney or other representative, please provide their information requested below.

Name and Capacity (please print)
Edward L. Wiland and Werner Tettunich - attorneys

Address:
253 Oak Meadow Drive, Los Gatos, CA 95032

Day Phone:
(408) 395-3100

EDWARD L. NILAND, ESQ. - State Bar #66990
**NILAND & NILAND**
233 Oak Meadow Drive
Los Gatos, California 95032
Telephone:(408) 395-3100
Fax No.: (408) 395-3120

Attorneys for Claimants

CITY OF KING CITY, COUNTY OF MONTEREY, CALIFORNIA

| | |
|---|---|
| MARTIN MATIAS and ADELA MATIAS, | **SUPPLEMENTAL CLAIM** |
| Claimants, | King City Police Report No. 110122 |
| v. | |
| CITY OF KING CITY, KING CITY POLICE DEPARTMENT, OFFICER JORGE LUNA, | |
| Respondents. | |

CLAIM PRESENTED TO THE CITY OF KING CITY; KING CITY POLICE DEPARTMENT ON BEHALF OF MARTIN MATIAS AND ADELA MATIAS,, THE PARENTS OF JUAN MATIAS.

This claim arises out of an incident that occurred on January 21, 2011 and is based upon events occurring on that date; the following date January 22, 2011; and on a validated DVD of the incident provided to Juan Matias within the last 6 months; and on continuing transgressions against Martin and Adela Matias.

On or about January 21, 2011, 15-year old Juan Matias, the minor child of Martin and Adela Matias was detained, arrested and taken into custody by Jorge Luna, an officer of the King City Police Department duly sworn to serve and protect the public (to which class of persons Claimants belong)  Said officer was hired and trained by the King City

-1-

1 | Police Department.

2 | On January 21, 2011 and continuing into the early hours of 2012, Juan Matias was

3 | taken into custody at the King City Police Department.

4 | Juan Matias was Booked, Fingerprinted, Photographed, Breathalyzed and detained

5 | for multiple hours.

6 | Juan Matias maintains that during the course of this arrest, he was subjected to

7 | excessive and unreasonable force including, but not limited to, being thrown from a

8 | bench to the floor face first for the purpose of handcuffing when there was no rational

9 | basis to do so; and being knocked from a standing posture to a prone position on the

10 | floor, without provocation or need, by having his leg kicked forcefully from under him

11 | resulting in a broken ankle.

12 | When Mr. and Mrs. Matias were finally called in the early hours of January 22,

13 | 2011, they immediately traveled to the King City Police Department to pick up their son.

14 | When Juan was brought to them he was obviously injured. A spokesman for the Police

15 | Department falsely represented that Juan had been accidentally injured in a scuffle

16 | related to his obstructionist behavior.

17 | Within the last 6 months, these Claimants have had the opportunity to review a

18 | DVD provided by King City's representative.

19 | The DVD has also been reviewed by a consultant in police procedures.

20 | Claimants contend that the DVD confirms the conduct of Officer Jorge Luna was

21 | abusive and without justification and beyond his lawful authority.

22 | Claimants further contend that police procedures employed to detain their son

23 | were improper, unlawful and appear to be conspiratorial.

24 | Claimants contend that the transgressions of Officer Jorge Luna and the King City

25 | Police Department against their son unlawfully interfered with their duty and privilege

26 | to keep Juan Matias safe from preventable harm

27 | Claimants have incurred financial obligation in excess of $3,000 for medical care

28 |

-2-

1    to address Juan's injury. This is ongoing.

2       Claimants' credit standing is being impaired, on a monthly basis, due to their

3    inability to satisfy these obligations.

4       All of the foregoing has caused Claimants severe emotional distress.

5

6    Dated: April 23, 2012

7                          Respectfully submitted,

8

9                          *Edward L. Niland*

10                     EDWARD L. NILAND
                           Attorney for Claimants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

SUPPLEMENTAL CLAIM PRESENTED TO THE CITY OF KING

1 | EDWARD L. NILAND, ESQ. - State Bar #66990
  | NILAND & NILAND
2 | 233 Oak Meadow Drive
  | Los Gatos, California 95032
3 | Telephone:(408) 395-3100
  | Fax No.: (408) 395-3120
4 |
  | Attorneys for Claimants
5 |
6 |
7 |
8 |       CITY OF KING CITY, COUNTY OF MONTEREY, CALIFORNIA
9 |
10 | JUAN MATIAS, a minor by and          SUPPLEMENTAL CLAIMS
   | through MARTIN MATIAS as
   | Guardian Ad Litem; MARTIN            King City Police Report No. 110122
11 | MATIAS and ADELA MATIAS
   | Individually,
12 |                  Claimants,
13 |      v.
14 | CITY OF KING CITY, KING CITY
   | POLICE DEPARTMENT, OFFICER
15 | JORGE LUNA, and DOES 1-50,
16 |                  Respondents.
17 |
18 | SUPPLEMENTAL CLAIMS PRESENTED TO THE CITY OF KING CITY; KING CITY
19 | POLICE DEPARTMENT, JORGE LUNA and DOES 1-50, ON BEHALF OF JUAN
20 | MATIAS BY AND THROUGH HIS GUARDIAN AD LITEM, MARTIN MATIAS, and
21 | MARTIN MATIAS AND ADELA MATIAS, THE PARENTS OF JUAN MATIAS,
22 | INDIVIDUALLY.
23 |       This claim arises out of an incident that occurred on January 21, 2011 and is based
24 | upon events occurring on that date; the following date January 22, 2011; and on a
25 | validated DVD of the incident provided to Juan Matias within the last 6 months; and on
26 | continuing transgressions against Martin and Adela Matias.
27 |       On or about January 21, 2011, 15-year old Juan Matias, the minor child of Martin
28 |

-1-

1  and Adela Matias was detained, arrested and taken into custody by Jorge Luna, an officer

2  of the King City Police Department duly sworn to serve and protect the public (to which

3  class of persons Claimants belong). Said officer was hired and trained by the King City

4  Police Department.

5      On January 21, 2011 and continuing into the early hours of January 22, 2011, Juan

6  Matias was taken into custody at the King City Police Department.

7      Juan Matias was Booked, Fingerprinted, Photographed, Breathalyzed and detained

8  for multiple hours.

9      Juan Matias maintains that during the course of this arrest, he was subjected to

10  excessive and unreasonable force including, but not limited to, being thrown from a

11  bench to the floor face first for the purpose of handcuffing when there was no rational

12  basis to do so; and being knocked from a standing posture to a prone position on the

13  floor, without provocation or need, by having his leg kicked forcefully from under him

14  resulting in a broken ankle.

15      When Mr. and Mrs. Matias were finally called in the early hours of January 22,

16  2011, they immediately traveled to the King City Police Department to pick up their son.

17  When Juan was brought to them he was obviously injured. A spokesman for the Police

18  Department falsely represented that Juan had been accidentally injured in a scuffle

19  related to his obstructionist behavior.

20      Within the last 6 months, these Claimants have had the opportunity to review a

21  DVD provided by King City's representative.

22      The DVD has also been reviewed by a consultant in police procedures.

23      Claimants contend that the DVD confirms the conduct of Officer Jorge Luna was

24  abusive and without justification and beyond his lawful authority.

25      Claimants further contend that police procedures employed to detain their son

26  were improper, unlawful and appear to be conspiratorial.

27      Claimants contend that the transgressions of Officer Jorge Luna and the King City

28

-2-

SUPPLEMENTAL CLAIM PRESENTED TO THE CITY OF KING

1  Police Department against their son unlawfully interfered with their duty and privilege
2  to keep Juan Matias safe from preventable harm.

3    Claimants have incurred financial obligation in excess of $3,000 for medical care
4  to address Juan's injury.  This is ongoing.

5    Claimants' credit standing is being impaired, on a monthly basis, due to their
6  inability to satisfy these obligations.

7    Claimants contend there was a conspiracy among officers and others, yet to be
8  identified, to deprive Juan Matias of his constitutional rights, to physically abuse him
9  and to fail to report the abuse of a minor; to deceive claimants about what actually
10 transpired and to falsely charge Juan with Resisting/Interfering with a police officer in
11 the lawful performance of his duties.

12   All of the foregoing actions, both negligent and intentional, have caused
13 Claimants severe emotional distress and have violated claimants' constitutionally
14 protected rights..

15

16 Dated: April 26, 2012

17        Respectfully submitted,

18

19        *Edward L. Niland*

20        EDWARD L. NILAND
       Attorney for Claimants

21

22

23

24

25

26

27

28            -3-

1    PROOF OF SERVICE

2    I am employed in the County of Santa Clara, State of California. I am over the age of 18
     and not a party to the within action; my business address is 233 Oak Meadow Drive, Los
3    Gatos, CA 95032.

4    On May 9, 2012, I served the foregoing document, described as set forth below, on the
     interested parties in this action by placing a true copy thereof enclosed in a parcel at Los
5    Gatos, California, and addressed as indicated below:

6    Documents Served:     Third Amended Complaint

7    Parties Served:

8    Attorney for the City of King City
      and all other Defendants:
9    Vincent P. Hurley
     38 Seascape Village
10   Aptos, CA 95003
     Phone: 831-661-4800
11   Fax 831-661-4804
     vphurley@hurleylaw.com
12

13   X___    (By Regular Mail) I am "readily familiar" with the firm's practice for collection
             and processing of correspondence for mailing. Under that practice it would be
14           deposited with the United States Postal Service on that same day with postage
             thereon fully prepaid at Los Gatos, California, in the ordinary course of
15           business. I am aware that on motion of the party served, service is presumed
             invalid if postal cancellation date or postage meter date is more than one day
16           after deposit for mailing affidavit.

17   ____    (By Federal Express) I personally delivered the above document(s) to a Federal
             Express Station to be delivered on a priority basis on the next business day to
18           the law offices listed above.

19   ____    (By Personal Service) I caused such document(s) to be delivered by hand to the
             office(s) of the addressee(s).
20
     ____    (By Facsimile) I sent a true copy thereof via telephone facsimile transmission
21           to the fax numbers listed above.

22   ____    (State) I declare under penalty of perjury under the laws of the State of
             California that the foregoing is true and correct.
23
     X___    (Federal) I declare that I am a member of the Bar of this Court. I declare under
24           penalty of perjury, that the foregoing is true and correct.

25   Executed at Los Gatos, California, on May 9, 2012.

26

27   EDWARD L. NILAND

28
                                           -9-

THIRD AMENDED COMPLAINT                                    Case No. C12-01951-LHK

1  EDWARD L. NILAND, ESQ. - State Bar #66990
   **NILAND & NILAND**
2  233 Oak Meadow Drive
   Los Gatos, California 95032
3  Telephone:(408) 395-3100
   Fax No.: (408) 395-3120
4

5  Attorneys for Claimants

6

7

8

9

10  J.M., a minor, by and through
    MARTIN M, as Guardian ad Litem;
11  MARTIN M. and ADELA M.              **APPLICATION  TO  PRESENT**
    Individually,                       **SUPPLEMENTAL CLAIM**
12                  Claimants,

13          v.

14  OFFICER JORGE LUNA, OFFICER
    JESUS YANEZ (Doe 1), SERGEANT
15  JERRY HUNTER (Doe II), CHIEF OF
    POLICE NICK BALDIVIEZ (Doe III),
16  CAPTAIN BRUCE MILLER (Doe IV),
    SERGEANT MARK BAKER (Doe V),
17  SERGEANT ALEJANDRINA TIRADO
    (Doe VI), CITY OF KING CITY,
18  KING CITY POLICE DEPARTMENT,
    and DOES VII-L,

19                  Respondents.

20  _____/

21          On January 21, 2011-January 22, 2011 at 2:00 a.m., J.M., a 15 year old minor,

22  was subjected to assault, battery, abuse of process and intentional infliction of

23  emotional distress at the King City Police Station in King City, California.

24          At 2:00 a.m. on January 22, 2011, ADELA M. and MARTIN M. picked up their

25  son at the above facility and were falsely told their son had been accidently injured in

26  a scuffle with a police office which occurred while J.M. was physically resisting

27  lawful police procedures.

28                                      -1-

    APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

1    J.M. through his Guardian ad Litem filed a claim vs. King City naming Officer

2  Jorge Luna as the responsible governmental employee on January 20, 2011.  Officer

3  Jesus Yanez is identified as a witness.

4    On August 18, 2011, claimants requested production of a closed circuit DVD

5  depicting the incident.

6    The DVD was received and reviewed at the offices of Edward L. Niland in late

7  October (believed to be between Monday, October 24, 2011 and Friday, October 28,

8  2011).

9    An expert in police procedures was consulted.  MARTIN M., ADELA M. and

10  J.M. traveled from King City to Los Gatos to review the DVD; someone who could

11  identify the involved officers was conferred with.

12    Review and analysis of the DVD shows both definitively and by extrapolation:

13    1.    J.M. did not physically resist or obstruct police procedures to justify

14  being physically thrown to the floor twice.

15    2.    Officer Jesus Yanez appears to be available to assist Officer Luna in

16  photographing J.M.'s tatoos but did not assist.

17    3.    Officer Jesus Yanez was witness to prisoner/minor abuse and did not

18  intervene to prevent it or report same.

19    4.    Sergeant Mark Baker enters the booking room and without conducting an

20  investigation insists on charges against J.M. of Penal Code 148(a)(1).

21    5.    Sergeants Alejandrina Tirado and Mark Baker are depicted

22  congratulating Officer Jorge Luna for knocking J.M. down as if they may have

23  conspired in the assault.

24    6.    It is believed Police Chief Nick Baldiviez and Captain Bruce Miller

25  investigated the incident and ratified Officer Jorge Luna's conduct.

26    7.    It has recently been disclosed Captain Bruce Miller instructed Officer

27  Jorge Luna on procedures relating to the handling of minors and the booking process.

28
                                    -2-

APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

1        8    None of the involved officers intervened to stop Officer Jorge Luna's

2    abusive conduct or reported it.

3        9.    It is believed Police Chief Nick Baldiviez and Captain Bruce Miller were

4    instrumental in negligently hiring and training Officer Jorge Luna.

5        WHEREFORE, Claimants J.M., a minor, by and through his Guardian ad Litem

6    Martin M.; Martin M. and Adela M. as Individuals, hereby identify the governmental

7    employees named herein as those additional individuals believed to be responsible

8    for their injuries and damages, and therefore, supplement claims previously made

9    arising out of injury to J.M. on January 21, 2011.

10

11   Dated: September 24, 2012

12                               Respectfully submitted,

13

14                               *Edward L. Niland*

15                               EDWARD L. NILAND
                             NILAND & NILAND

16                                Attorneys for Claimants
                             233 Oak Meadow Drive

17                                Los Gatos, CA 95032
                             Telephone: 408-395-3100

18                                Fax: (408) 395-3120

19

20

21

22

23

24

25

26

27

28

APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

1      <center>PROOF OF SERVICE</center>

2      STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

3      Case Name:   J.M., a minor, et al. vs. Officer Jorge Luna, et al.
       Court No.:

4

5      I am employed in the County of Santa Clara, State of California.  I am over the age of 18 and not a party
       to the within action; my business address is 233 Oak Meadow Drive, Los Gatos, CA 95032.

6      On September 24, 2012, I served the foregoing document, described as set forth below, on the interested
       parties in this action by placing a true copy thereof enclosed in a parcel at Los Gatos, California, and

7      addressed as indicated below:

8      **Documents Served:**          **APPLICATION TO PRESENT SUPPLEMENTAL CLAIM**

9      **Parties Served:**

10     **King City Police Department**
       **415 Bassett Streetrst Avenue**

11     **King City, CA 93930**

12     X___      **(By Regular Mail)** I am "readily familiar" with the firm's practice for collection and
                 processing of correspondence for mailing. Under that practice it would be deposited with the

13               United States Postal Service on that same day with postage thereon fully prepaid at Los Gatos,
                 California, in the ordinary course of business.  I am aware that on motion of the party served,

14               service is presumed invalid if postal cancellation date or postage meter date is more than one
                 day after deposit for mailing affidavit.

15

16     _____     **(By Federal Express)** I personally delivered the above document(s) to a Federal Express
                 Station to be delivered on a priority basis on the next business day to the law offices listed
                 above.

17

18     _____     **(By Personal Service)** I caused such document(s) to be delivered by hand to the office(s) of
                 the addressee(s).

19     _____     **(By Facsimile)** I sent a true copy thereof via telephone facsimile transmission to the fax
                 numbers listed above.

20

21     X___      **(State)** I declare under penalty of perjury under the laws of the State of California that the
                 foregoing is true and correct.

22     _____     **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at
                 whose direction the service was made.

23

       Executed at Los Gatos, California, on September 24, 2012.

24

25

26                                                          _____
                                                            Jean Henry

27

28

       <center>1</center>

1  EDWARD L. NILAND, ESQ. - State Bar #66990
   **NILAND & NILAND**
2  233 Oak Meadow Drive
   Los Gatos, California 95032
3  Telephone:(408) 395-3100
   Fax No.: (408) 395-3120
4

5  Attorneys for Claimants

6

7

8

9

10 J.M., a minor, by and through
   MARTIN M, as Guardian ad Litem;
   MARTIN M. and ADELA M.            **APPLICATION  TO  PRESENT**
11 Individually,                     **SUPPLEMENTAL CLAIM**
                    Claimants,
12
        v.
13
   OFFICER JORGE LUNA, OFFICER
14 JESUS YANEZ (Doe 1), SERGEANT
   JERRY HUNTER (Doe II), CHIEF OF
15 POLICE NICK BALDIVIEZ (Doe III),
   CAPTAIN BRUCE MILLER (Doe IV),
16 SERGEANT MARK BAKER (Doe V),
   SERGEANT ALEJANDRINA TIRADO
17 (Doe VI), CITY OF KING CITY,
   KING CITY POLICE DEPARTMENT,
18 and DOES VII-L,

19              Respondents.
   _____/
20

21      On January 21, 2011-January 22, 2011 at 2:00 a.m., J.M., a 15 year old minor,

22 was subjected to assault, battery, abuse of process and intentional infliction of

23 emotional distress at the King City Police Station in King City, California.

24      At 2:00 a.m. on January 22, 2011, ADELA M. and MARTIN M. picked up their

25 son at the above facility and were falsely told their son had been accidently injured in

26 a scuffle with a police office which occurred while J.M. was physically resisting

27 lawful police procedures.

28
                                      -1-
   _____
   APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

1      J.M. through his Guardian ad Litem filed a claim vs. King City naming Officer

2  Jorge Luna as the responsible governmental employee on January 20, 2011.  Officer

3  Jesus Yanez is identified as a witness.

4      On August 18, 2011, claimants requested production of a closed circuit DVD

5  depicting the incident.

6      The DVD was received and reviewed at the offices of Edward L. Niland in late

7  October (believed to be between Monday, October 24, 2011 and Friday, October 28,

8  2011).

9      An expert in police procedures was consulted.  MARTIN M., ADELA M. and

10  J.M. traveled from King City to Los Gatos to review the DVD; someone who could

11  identify the involved officers was conferred with.

12      Review and analysis of the DVD shows both definitively and by extrapolation:

13      1.    J.M. did not physically resist or obstruct police procedures to justify

14  being physically thrown to the floor twice.

15      2.    Officer Jesus Yanez appears to be available to assist Officer Luna in

16  photographing J.M.'s tatoos but did not assist.

17      3.    Officer Jesus Yanez was witness to prisoner/minor abuse and did not

18  intervene to prevent it or report same.

19      4.    Sergeant Mark Baker enters the booking room and without conducting an

20  investigation insists on charges against J.M. of Penal Code 148(a)(1).

21      5.    Sergeants Alejandrina Tirado and Mark Baker are depicted

22  congratulating Officer Jorge Luna for knocking J.M. down as if they may have

23  conspired in the assault.

24      6.    It is believed Police Chief Nick Baldiviez and Captain Bruce Miller

25  investigated the incident and ratified Officer Jorge Luna's conduct.

26      7.    It has recently been disclosed Captain Bruce Miller instructed Officer

27  Jorge Luna on procedures relating to the handling of minors and the booking process.

28

-2-

APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

1       8       None of the involved officers intervened to stop Officer Jorge Luna's

2   abusive conduct or reported it.

3       9.      It is believed Police Chief Nick Baldiviez and Captain Bruce Miller were

4   instrumental in negligently hiring and training Officer Jorge Luna.

5       WHEREFORE, Claimants J.M., a minor, by and through his Guardian ad Litem

6   Martin M.; Martin M. and Adela M. as Individuals, hereby identify the governmental

7   employees named herein as those additional individuals believed to be responsible

8   for their injuries and damages, and therefore, supplement claims previously made

9   arising out of injury to J.M. on January 21, 2011.

10

11  Dated: September 24, 2012

12                              Respectfully submitted,

13

14                              _Edward L. Niland_

15                              EDWARD L. NILAND
                                NILAND & NILAND
16                              Attorneys for Claimants
                                233 Oak Meadow Drive
                                Los Gatos, CA 95032
17                              Telephone: 408-395-3100
                                Fax: (408) 395-3120

18

19

20

21

22

23

24

25

26

27

28
                                        -3-

APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

Case Name:   J.M., a minor, et al. vs. Officer Jorge Luna, et al.
Court No.:

I am employed in the County of Santa Clara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 233 Oak Meadow Drive, Los Gatos, CA 95032.

On September 24, 2012, I served the foregoing document, described as set forth below, on the interested parties in this action by placing a true copy thereof enclosed in a parcel at Los Gatos, California, and addressed as indicated below:

**Documents Served:**          APPLICATION TO PRESENT SUPPLEMENTAL CLAIM

**Parties Served:**

**City of King City
212 South Vanderhurst Avenue
King City, CA 93930**

X ___   **(By Regular Mail)** I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Gatos, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing affidavit.

_____   **(By Federal Express)** I personally delivered the above document(s) to a Federal Express Station to be delivered on a priority basis on the next business day to the law offices listed above.

_____   **(By Personal Service)** I caused such document(s) to be delivered by hand to the office(s) of the addressee(s).

_____   **(By Facsimile)** I sent a true copy thereof via telephone facsimile transmission to the fax numbers listed above.

X ___   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____   **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed at Los Gatos, California, on September 24, 2012.

Jean Henry

1